## BRUNER *vs.* KINSEL.

[ATTACHMENT.]

1. *Writ of attachment; form of; substantially good.*—The writ of attachment set out in this case, substantially good, under §§ 2562 and 2849 of the Code ; and it was error in the circuit court to quash the same.

APPEAL from the Circuit Court of Dale.
Tried before Hon. H. D. CLAYTON.

BRUNER made affidavit, and sued out an attachment for rent, alleged to be due him from Kinsel, the appellee. The writ of attachment is in these words :

" STATE OF ALABAMA—Dale county.
        *To any lawful constable of said county—Greeting :*
Whereas, Daniel M. Bruner hath complained, on oath to me, M. R. Sims, justice of the peace, that Jesse Kinsel is justly indebted to D. M. Bruner in the sum of one hundred dollars, and that the said D. M. Bruner having made affidavit, and given bond, as required by law, in such cases, you are commanded to attach so much of the estate of said Jesse Kinsel as will be of value to satisfy the said debt and costs, according to the complaint ; and such estate, unless replevied, so to secure, that the same may be liable to further proceedings thereon, to be had at Newton, in said county, on the fourth Monday in April next ; when and where you must make known how you have executed this writ.
        Witness my hand, this 7th day of December, A. D., 1867.
                (Signed)            M. R. SIMS, J. P."

This attachment was levied on fifty bushels of corn and three stacks of fodder.

On 22d April, 1867, a trial was had before the justice of the peace who issued the attachment, when judgment was given by him, in favor of the plaintiff, for the sum of $77 and costs, and an order made for the sale of the corn and fodder levied upon. From this judgment there was an appeal taken by the defendant to the circuit court. At the fall term, 1867, of the circuit court for Dale county, there was a motion made by defendant to quash the writ of attachment. The court granted the motion, and gave judgment quashing the attachment, and against the plaintiff for all the costs which had accrued.

From this judgment the defendant appealed to this court, and here assigns the same for error.

W. C. OATES, for appellant.

BYRD, J.—There was no substantial defect in the attachment. It is somewhat informal. It does not expressly state that further proceedings thereon would be had before the justice issuing the attachment, or before whom they would be had. But we think that the clear inference is, that they were to be had before the justice issuing it.

Under §§ 2562 and 2849, we are of the opinion that the attachment was substantially good, and the court should not have quashed it.

It would be well for officers to follow strictly the forms given in the Code, when they are applicable.

Reversed and remanded.